### JENKS *against* STEBBINS.

<div markdown="1">

*Where a defendant pleaded the general issue with notice, and gave in evidence his discharge as an insolvent debtor, under the 3d act of the 3d April, 1811. (s. 34. ch. 123.) by a commissioner, and the discharge recited, among other things, that the defendant was an inhabitant of Jefferson county, for the space of three months, at least, immediately preceding the presenting his petition, in which said county he was then imprisoned," and that he delivered a true account of all the suits in which he was imprisoned or impleaded, &c. It was held that the discharge was sufficient evidence, in itself, either of the imprison-*

</div>

THIS was an action of *assumpsit* on a promissory note made by the defendant, dated *October* the 28th, 1805, payable to the plaintiff three years after date. At the trial of the cause, the defendant, under a notice annexed to his plea of *non assumpsit*, gave in evidence a discharge under the insolvent act of the 3d of *April*, 1811, under the hand and seal of a commissioner, dated the 15th of *April*, 1812.

The discharge stated that the defendant, " of the town of *Brownville*, in the county of *Jefferson*, an insolvent debtor, who was an inhabitant of said county, for the space of three months, at least, next immediately preceding the presenting his petition, or in which said county he was then imprisoned, did, at a day now past, present a petition," &c. and at the time, &c. " caused to be delivered to me a true account of the suits in which he then was imprisoned or impleaded, the names of the several plaintiffs in such suits," &c. and the accounts due, &c. and also " a full, just, and true account and list of all his creditors, and of the moneys due," &c. and also " an inventory and account of all the estate," &c. and that the commissioner having administered the oaths required by the act, ordered and directed notice to be personally served on the prosecuting creditors, &c. and notice to be published in the gazettes, &c. for six weeks, &c. requiring such prosecuting creditor or creditors, and all the creditors of the insolvent, to appear before him, the commissioner, on the 15th of *April* then next, at, &c. and that no sufficient cause being shown on that day, why the prayer of the petition should not be granted, &c. and being satisfied that the petitioner had duly caused notice,

ment of the insolvent, or of his inhabitancy, and his being prosecuted on civil process, agreeably to the act, so as to give the commissioner jurisdiction, without any proof, *aliunde*, of those facts.

&c. and had conformed to the matters required of him by the act, and that there had been no collusion between the petitioning creditor and his prosecuting creditor, or any of them, &c.; he directed an assignment of all the estate of the petitioner, &c. and he having produced a certificate of the due execution of such assignment, he, the commissioner, thereupon, by virtue, &c. did discharge the petitioner from all his debts, &c.

The plaintiff's counsel objected to the sufficiency of the proof of the defendant's discharge, because it did not appear that the commissioner had any jurisdiction or authority to grant the discharge; but the judge before whom the cause was tried, being of opinion that proof of the defendant's imprisonment or residence in the county, as prescribed in the act, was not necessary, overruled the objection, and the jury, under his direction, found a verdict for the defendant.

A motion was made to set aside the verdict and for a new trial.

*R. Sedgwick,* for the plaintiff. The defendant ought to have shown that the commissioner had jurisdiction; for until that fact appears there can be no discharge. It is not enough to plead or give in evidence the discharge only; but it must also be shown that the officer had jurisdiction.* The discharge itself is not evidence of the requisites to give the commissioner cognisance.

But admitting even that the discharge is conclusive evidence of the facts stated, yet it is not there stated that the defendant was imprisoned on a civil process, &c. or that he was prosecuted for debt, &c. according to the act. (sess. 34. c. 223. s. 1.)

Allowing the recital in the discharge to be equivalent to averments in a plea, there is not a sufficient averment to give the commissioner jurisdiction.† It states that the defendant, an insolvent debtor of *B.* &c. who was an " inhabitant of said county for the space of three months, at least, next immediately preceding the presenting his petition, in which said county he was then imprisoned did," &c. It should have stated not only that he was an inhabitant, &c. but that he was impleaded, &c.

*Slosson,* contra, contended that the plaintiff's counsel confounded the rules of evidence with the rules of pleading. It was enough, in the present case, if sufficient evidence was given to the jury, to justify their finding the fact, that the commission-

* *Seaman* v. *Hermance,* 1 *Johns. Rep.* 91. *Frary* v. *Dakin,* 7 *Johns. Rep.* 75. *Morgan* v. *Dyer,* 10 *John . Rep.* 161 *Ladbroke* v. *James, Willes'* *Rep.* 199.

† *Chitty's Pl* 317. 1 *Stra,* 594.

er had jurisdiction. In pleading, the fact must be directly and explicitly averred. As to evidence, it is enough. if such circumstances are shown as will authorize the jury to infer the fact. The act has made the discharge conclusive evidence of all the facts contained in it. Here the discharge states facts sufficient to justify the inference that he was, beside being an inhabitant, &c. prosecuted on some civil process. Again, where acts of an officer are offered in evidence, the law will presume that he acted within his jurisdiction.

SPENCER, J. delivered the opinion of the court. The case of *Morgan* v. *Dyer*, (10 *Johns. Rep.* 161.) and several antecedent cases, decide, that in pleading a discharge under the insolvent act, it is requisite to set forth facts giving the judge or officer jurisdiction in the case. To give that jurisdiction under the act of the 3d of *April*, 1811, it is necessary that the insolvent should have been an inhabitant, for three months next preceding the presenting his petition, of the city or county in which it is presented, and that he be prosecuted in some court within and under the jurisdiction of this state, on civil process for debt, or on contract express or implied; or that the insolvent is, or actually has been imprisoned, in the county wherein he applies, on civil process, out of a court of this state, for debt, or on contract express or implied.

The fourth section of this act enacts that the discharge shall be conclusive evidence, in all courts of this state, of the facts therein contained. The same section authorizes the pleading the general issue, and giving the special matter in evidence, under a notice to accompany the plea.

The case of *Frary* v. *Dakin*, (7 *Johns. Rep.* 75.) is the leading case in this court on the subject. The court held that there were three modes in which the insolvent could avail himself of his discharge; 1. Under the general issue; 2. By setting forth so much of the proceedings as would give the officer jurisdiction, with a *taliter processum fuit;* and, third, by setting forth the whole proceedings. The rules of pleading laid down in that case were in reference to a special plea in bar, and are inapplicable to the present case, except so far as regards the essential requisites to authorize a discharge of the insolvent. It has been justly observed by the counsel for the defendant, that the fallacy of the argument on the other side consists in blending

the rules of evidence with the rules of pleading. When the plea is special, and the matter of it referred to the decision of the court, the facts themselves must be pleaded, and not the evidence of the facts. This rule, however, must be understood with the qualification laid down in *Frary* v. *Dakin*, and in *Service* v. *Hermance*, (1 *Johns. Rep.* 91. 2 *Johns. Rep.* 96.) The defendant has here pleaded the general issue, with notice, and it was incumbent on him to prove that the commissioner had jurisdiction of his case under the act of the 3d of *April*, 1811. This he might have done by parol, or by relying on the facts set forth in his discharge, for those facts were proof by virtue of the act. The discharge sets forth two facts disjunctively, that the defendant was an inhabitant of the county of *Jefferson* for the space of three months, at least, next immediately preceding the presenting his petition, or in which said county he was then imprisoned. We must consider one of these facts as true; if the latter, the commissioner had jurisdiction without regard to the period of residence; and if the former, it would still be necessary to show that the defendant had been prosecuted on some civil process. The discharge states, additionally, that the defendant, at the time of presenting his petition, caused to be delivered to the commissioner a true account of the suits in which he then was imprisoned or impleaded, the names of the several plaintiffs in such suits, and their places of residence respectively, &c. The discharge also states that the commissioner was satisfied that there was no collusion between the defendant and his prosecuting creditors, &c.

These facts, thus recited, would, undoubtedly, be sufficient evidence to the jury that the defendant was an inhabitant of *Jefferson* county for three months next immediately preceding the presenting his petition, and that he had been prosecuted on civil process, agreeably to the act, or that he was actually imprisoned in the county of *Jefferson;* and in either case the commissioner had jurisdiction. It was, therefore, correctly ruled at the circuit, that the discharge was sufficient evidence in itself, and that it was not necessary to prove, *aliunde*, the defendant's imprisonment or residence. The motion for a new trial must be denied.

New trial refused.