THE PEOPLE *ex rel.* Gertrude Stryker *vs.* GARRIT STRYKER.

A compliance with the provisions of the statute relative to voluntary assignments made pursuant to the application of an insolvent and his creditors, is a condition precedent to the discharge of an insolvent debtor from his debts.

If it be apparent from the papers that the true cause and consideration of the alleged indebtedness of an insolvent debtor to a creditor are not set forth in the schedule annexed to his petition, as the statute requires, this is a matter proper for the consideration and determination of the judge who hears the petition.

The creditors, having the notice required by the statute, to show cause why an

assignment of the insolvent's estate should not be made and he be discharged from his debts, should—if they neglect to appear and raise objections—be concluded, in case the officer has the requisite jurisdiction; except as to matters which the statute declares shall avoid the discharge.

And the judge having, in effect, decided that the insolvent has complied with the provisions of the statute, relative to his schedule, the question as to any omission in the schedule is no longer open.

So as to any omission in the affidavit of a creditor; or the want of a certificate that the assignment has been recorded in the office of the county clerk.

The statute, in providing expressly that certain acts or omissions, or any fraud, shall vitiate the discharge, strongly implies that the decision of the judge who hears the application shall be conclusive, as to other matters.

*It seems* that a person who is not a creditor of an insolvent debtor, and has no interest which has been, or can be, affected by his discharge, has no right to sue out a *certiorari* for the purpose of having the discharge vacated.

THIS was a *certiorari*, directed to Henry A. Moore, Esq., late county judge of the county of Kings, to remove proceedings had before him upon a petition presented by Garrit Stryker, an insolvent debtor, and certain of his creditors, under and in pursuance of article 3d, title 1, chapter 5, of part 2d, of the revised statutes. A return having been made to the certiorari, by the county judge, of the proceedings had before him, terminating in the discharge of the insolvent, the same was argued before Justice EMOTT, at a special term. One of the objections urged was that the schedule annexed to the insolvent's petition did not contain " the true cause and consideration of the indebtedness" to one of the creditors, Isaac G. Hatfield, as required by the statute. (2 *R. S.* 17, § 5, *subd.* 4.) The nature of the debt was thus stated, in the schedule : " Note of insolvent's, made Feb. 3, 1853, for accommodation of insolvent." It was also objected that the affidavit of Hatfield, accompanying the petition, did not state " the general ground and consideration of such indebtedness," as required by section 4 of the statute. (2 *R. S.* 16.) The affidavit was, that the sum annexed to Hatfield's name, subscribed to the petition, was justly due to him from the insolvent, " for the amount of a note of said Stryker, dated February 3, 1853." It was also objected that no certificate was produced before the county judge that the assignment executed by the insolvent had been recorded

The People v. Stryker.

in the office of the county clerk, as required by section 29 of the statute. (2 *R. S.* 21.)

The following opinion was delivered by Judge EMOTT, on deciding the motion at the special term.

EMOTT, J. " There is a marked difference between the provisions of the present insolvent act, (2 *R. S. part* 2, *ch.* 5, *tit.* 1, *art.* 3,) and those of the act of 1817, under which the earlier cases were decided. By the act of 1817, the debtor was not only required to set forth clearly in his schedule the true cause and consideration of every debt, but the failure to do so was made expressly to avoid the discharge, as fraudulent in law. (*Laws of N. Y. vol.* 4, *p.* 46.) The cases of *Taylor* v. *Williams*, (20 *John.* 22,) *Slidell* v. *McCrea*, (1 *Wend.* 156,) and *McNair* v. *Gilbert*, (3 *id.* 344,) arose under this statute, and the duty of the court was confined to the construction of the words of the act. When it was determined what should be regarded as a sufficient statement of the cause and consideration of a debt, then it only remained to see if that could be found in the schedule in the instance of every creditor named, and if it did not, the statute *pro facto*, and without more question, pronounced the discharge fraudulent and void. But in the insolvent act revised in 1830, (2 *R. S.* 16,) although every petitioning creditor is required by section 4 to state the nature of his demand, with the general ground and consideration of the indebtedness, and by section 5 the debtor is required to state in his schedule the true cause and consideration of every debt, still there is no provision that a failure to comply with either of these requirements shall of itself render the discharge void. After the officer having jurisdiction in the premises has determined that the statute has been complied with, and the proceedings have gone on to a discharge, this discharge cannot be avoided or impeached, either when it is set up in an action or upon *certiorari*, except for the causes specified in the 35th section. (2 *R. S.* 23.) The framers of the present statute intended that willful and material false statements, and fraudulent omissions and concealments of the

petitioner should avoid a discharge, and might be shown against it.   But the rigor of the former statute is relaxed in reference to the consequences of not complying with its mere directions in regard to the statement of the debts.   This view of the present statute was taken by this court in the case of *Hurst*, on *certiorari*, (7 *Wend.* 239,) where the objection to the discharge was that in the original proceedings, before the commissioner had permitted them to be amended, the consideration of some of the debts was not stated at all ; and, therefore, it might be urged the officer never acquired jurisdiction.   The court held that the commissioner had a right to permit the amendment, and that this cured the defect ; but the chief justice, in giving the opinion, adverts to the alteration of the statute, and expresses the opinion, distinctly, that the defect pointed out, even if not cured, was not, under the present act, sufficient to avoid the discharge.   In *Ayres* v. *Scribner*, (17 *Wend.* 407,) the insolvent had stated in his schedule that he was indebted to the plaintiff on three notes, in a certain sum ; the fact being that he was indebted to him on four notes, and for a larger amount. This was not held sufficient, *per se*, to avoid the proceedings, but the facts were submitted to the jury to determine whether the misrepresentation was willful.   So in the recent case of *Small* v. *Graves*, (7 *Barb.* 576,) which was very well considered, it was held that the omission to insert the name of any creditor, or the misstatement of the amount due to any creditor, will not of itself vitiate the discharge.   It must be an intentional and fraudulent act of deception or concealment, to have such an effect.

The rule of the statute, as interpreted by these authorities, and indeed, even without the aid of judicial construction, is clear and simple.   The question in all cases is, whether the concealment or misrepresentation is fraudulent, that is, willful and designed.   All the specific acts enumerated in section 35, either of which will vitiate the proceedings, absolutely, are acts which are necessarily and irresistibly proofs of a fraudulent design ; which are, in short, of themselves, and by their necessary consequences, frauds upon the law itself.   But acts or

omissions which may be accidental and innocent, are not to destroy the validity of the proceedings, unless they are determined to have been done with a fraudulent purpose. And although in some cases the misstatements may be so gross, or the omissions so glaring, as to afford conclusive evidence of fraud, yet the question is always one of fraud in fact, and these defects, which under the former statute were legal cause to avoid the discharge, now are only, at the most, the evidence of the intention of the insolvent.

The defects which are specified in these proceedings are, that the true cause and consideration of the principal petitioning creditor's debt is not stated with that particularity which was held to be necessary in the cases in 20 *John.* and 1 *Wend.* in analogy to the statute regulating the confession of judgments, and the construction it had received. But it was not contended that there was any thing more in the present case than a failure to observe the strict injunction of the statute. No misrepresentation was shown, if, indeed, any could be shown in the present proceeding. And I am unable to see how any violent, not to say irresistible presumption, of fraud arises from the imperfect statement of the debt of Hatfield, which is described in the petition and affidavit of the creditor as a note made by the insolvent, and in the schedule of the debtor as a note made by Stryker to Hatfield for Stryker's accommodation. These are loose and inaccurate statements of the cause and consideration of the debt, and certainly would not sustain a confession of judgment; but they do not, to my mind, clearly and conclusively import a fraudulent purpose of either the insolvent or this creditor. The relator, or any other creditors of Stryker, may have this question passed upon by a jury when the insolvent's discharge is pleaded in answer to a suit for any of his debts; but this court cannot, in the present proceeding, upon what I have here before me, presume the proceedings fraudulent and the discharge void.

Another objection to the proceedings—that there is no proof that the assignee ever took the oath required by the statute—needs but little consideration. The statute entitles the debtor

to his discharge, upon producing a certificate that he has executed the assignment required of him, and that it has been recorded. Then, before proceeding to the discharge of any of their duties, the assignees are required to take an oath that they will faithfully execute their trust. It is unnecessary to determine what effect their failure or refusal to take this oath might have upon their own acts, or when, at farthest, it must be taken. It is sufficient to say that there is nothing to be found in the statute, or in the reason of the thing, justifying the conclusion that their neglect can prejudice the insolvent, whose trustees they are made, not by his own choice or nomination, but entirely by the appointment of the officer granting the discharge.

The proceedings of the county judge must be affirmed."

It was thereupon ordered that the writ of *certiorari* be quashed, and the discharge confirmed, with costs. From this decision the relator appealed.

*E. Person*, for the relator.

*P. S. Crooke*, for the defendant.

*By the Court*, S. B. STRONG, P. J. There is no evidence that the relator is a creditor of the insolvent debtor, or that she has any interest which has been or can be affected by his discharge. For that reason I should feel inclined to quash the certiorari in this case, as having been improvidently issued. Courts ought not to be invoked, except to protect the actual interests of the moving party, or the rights of the public. Neither appears to have been invaded in this instance.

Upon the principal question, involving the merits, I concur in the opinion expressed by Judge EMOTT, when the case was before him at special term. It is undoubtedly true that a compliance with the provisions of the article of the revised statutes relative to voluntary assignments made pursuant to the application of an insolvent and his creditors, is a condition precedent to the discharge of an insolvent debtor from his debts.

The People *v.* Stryker.

And it is apparent, from the papers, that the true cause and consideration of the alleged indebtedness of the insolvent debtor to his principal creditor are not set forth in the schedule annexed to the petition, as the article of the revised statutes to which I have referred requires. But that was a matter proper for the consideration and determination of the judge who heard the petition. The creditors had the notice required by the statute, to show cause why an assignment of the insolvent's estate should not be made, and he be discharged from his debts. If they neglected to appear and raise objections, they should be concluded, if the officer had the requisite jurisdiction; except as to matters which the statute declares shall avoid the discharge. The judge having in effect decided that the insolvent had complied with the provisions of the statute relative to his schedule, the question as to any omission in that is no longer open. The same is true as to the omission in the affidavit of the creditor, and the want of a certificate that the assignment had been recorded in the office of the county clerk. The statute, in providing expressly that certain acts or omissions, or any fraud, shall vitiate the discharge, strongly implies that the decision of the judge who hears the application shall be conclusive as to other matters. It is right that it should be so, as otherwise these discharges might be set aside for the omission of the most trifling matter, which might be considered as a condition precedent.

The judgment rendered at the special term should be affirmed, and the certiorari should be puashed.

[ORANGE GENERAL TERM, July 14, 1857. *S. B. Strong, Birdseye* and *Emott,* Justices.]