## G. and J. RUSHER *vs.* SHERMAN.

After an insolvent's discharge is granted, if the officer has acquired jurisdiction, it is conclusive in all other proceedings in which it comes in question.

Objections to it, not relating to the jurisdiction of the officer, cannot be raised collaterally, in an action against the insolvent for the collection of a debt claimed by him to be discharged. If such objections are well taken, the remedy is by a direct review of the proceedings, upon certiorari.

What steps are necessary to be taken, to give the officer jurisdiction, so as to make his subsequent proceedings, and the discharge of the debtor, conclusive.

Where affidavits of petitioning creditors are sworn to before a New York commissioner residing in another state, the certificate of the secretary of state of the latter state, proving the official character of such commissioner, is not necessary to give jurisdiction to the judge before whom the proceedings are . pending.

*It seems*, the jurisdiction of the officer may be shown by parol.

On the other hand, although the discharge furnishes evidence of the performance of the jurisdictional conditions, it does not prevent the party assailing it, from showing that the officer in reality had no jurisdiction.

THIS was an action upon a promissory note. The defense was the discharge of the defendant from his debts, under the insolvent act. The jury found a verdict for the defendant, and from the judgment rendered thereon the plaintiffs appealed.

*Barrett & Brinsmade,.* for the appellants.

*E. R. Sherman,* for the respondent.

*By the Court,* INGRAHAM, J. Upon the trial of this cause the defendant offered in evidence proceedings to obtain a discharge from his debts, had before Judge Daly, and a discharge granted by that officer. Various objections were taken to those proceedings, which were overruled by the court, and the justice submitted to the jury the question of fraud in concealing property. The jury found for the defendant.

Many of the objections taken to the proceedings before Judge. Daly were not in regard to matters affecting the jurisdiction of the officer. Those of them which related to any frandulent

Rusher v. Sherman,

disposition or concealment of property were submitted to the jury, and the finding thereon is conclusive. Those objections which did not relate to the jurisdiction cannot be reviewed collaterally in this action. If any such objections were well taken, the remedy was by a direct review of the proceeding on certiorari to the officer. After the discharge was granted it was conclusive in all other proceedings in which the discharge came in question. (*Jackson* v. *Robinson*, 4 *Wend.* 440.) Even where the case is brought before the court on certiorari, many of the objections taken are unavailing, because they were not presented to the officer at the hearing. This rule was applied to a case in which the true cause and consideration of the indebtedness was not stated in the insolvent's proceedings. In such a case Mr. Justice Strong, after admitting that the true cause and consideration of indebtedness was not stated in the proceedings, adds : "That matter was proper for the consideration and determination of the judge who heard the petition. The creditors had the notice required by the statute to show cause why an assignment of the insolvent's estate should not be made and he be discharged from his debts. If they neglected to appear and raise objections, they should be concluded if the officer had the requisite jurisdiction, except as to matters which the statute declares shall avoid the discharge." (*The People* v. *Stryker*, 24 *Barb.* 649.) And in *Stanton* v. *Ellis*, (2 *Kernan*, 575,) Denio, justice, says, " The rule therefore is, that where the officer has acquired jurisdiction, the discharge reciting the performance of the subsequent statutory requirements is incontrovertible evidence that they have been performed as stated, but it is not in the power of the officer to create such evidence, unless he has in the first place acquired a right to proceed in the case by the performance by the party of the preliminary steps required by law to be taken as a condition to his entertaining the case."

The question then arises, what is necessary to give the officer jurisdiction, so as to make his subsequent proceedings and discharge of the debtor conclusive ? 1. A petition signed by

Rusher *v.* Sherman.

the debtor and two-thirds in amount of his creditors residing within the United States.  2. The affidavits of the petitioning creditors, taken before an officer authorized to take affidavits to be read in courts of record, to the amount, nature and consideration of the debt, and that the creditor has received nothing to become a petitioner.  3. A full and true account of his creditors, the amount due to them, the consideration thereof, a statement of any judgment or other security for the payment of the debt; and a full inventory of his estate. 4. An affidavit to be made by the petitioner, to be taken before the officer, of the correctness of his petition, &c.  5. Proof of residence within the county where the officer resides.

These are all the requisites to give the officer jurisdiction ; and where such a state of facts appears before the officer in the papers presented, he acquires that jurisdiction which makes his subsequent acts valid and the discharge granted by him conclusive.

The affidavits, in this case, of three of the petitioning creditors were sworn to before a New York commissioner residing in Connecticut  No certificate of the secretary of state was annexed to the affidavits, to prove that the person administering the oaths was such officer at the time of presenting the petition.   The act of 1850, under which such commissioners are appointed, provides that before such an affidavit shall be entitled to be used or read in evidence, there shall be subjoined or affixed to the certificate, a certificate of the secretary of state that such commissioner was duly authorized to take the same, &c.

The question then arises, whether the certificate of the secretary was necessary to give jurisdiction.   The insolvent statute requires that the affidavit shall be made before a person authorized to take affidavits to be read in courts of record.  It is not denied that the commissioner had such authority.  The provision of the statute was fully complied with, as to these affidavits.   The defect is in the mode of certifying the proof to the magistrate.  This is a provision in a statute passed

Rusher *v.* Sherman.

subsequent to that in regard to insolvents, and the want of the certificate is not, in my judgment, a jurisdictional defect. Notwithstanding this defect, the statute has been obeyed, and it forms one of those errors which although not strictly in accordance with the law, was cured by the discharge. A variety of cases may be found where it has been held that the facts upon which an officer has to decide, although jurisdictional matters, are cured by the discharge, if erroneously proven.

In *Jenks* v. *Stebbins*, (11 *John.* 224,) it was held that the discharge was evidence that the debtor had been a resident of the county before presenting his petition, without any proof of that fact *aliunde;* and in that case Mr. Justice Spencer added, " that the officer has jurisdiction may be proved by parol, or by relying on the facts set forth in the discharge."

That case was approved in *Barber* v. *Winslow*, (12 *Wend.* 102.) Mr. Justice Nelson held that the production of the discharge was *per se* evidence sufficient of the facts indispensable to give the officer jurisdiction, subject to proof showing affirmatively that the officer had no jurisdiction. A similar opinion has been expressed by Chief Justice Shaw, in *Betts* v. *Bagley*, (12 *Pick.* 572.) In that case the papers presented showed that two-thirds of the creditors in amount petitioned with the insolvent, but upon the trial it was proposed to show that in reality two-thirds of the creditors had not joined in the petition. The chief justice held that the papers gave jurisdiction to decide whether there was in reality two-thirds of the amount due to the petitioning creditors or not, and the discharge was, on that point, conclusive.

If, as is said in *Jenks* v. *Stebbins*, and *Barber* v. *Winslow*, the jurisdiction may be shown by parol, then the subsequent production on the trial of the certificate of the secretary of state removed the defect, and showed that in reality the officer had jurisdiction at the time of receiving the papers.

In all the cases, however, although the discharge furnishes evidence of these jurisdictional matters, it does not prevent the party from showing that the officer in reality had no juris-

Rusher *v.* Sherman.

diction. This is not done by the proof in this case. On the contrary, the proof establishes that the oaths to the affidavits were properly administered by a competent officer, and that the only defect was in the mode of proving that fact to the officer.

In *Van Alstyne* v. *Erwine*, (1 *Kernan*, 341,) Denio, J., says, " a liberal indulgence must be extended to these proceedings, (by attachment,) even upon questions of jurisdiction, if we would not render them a snare rather than a beneficial remedy." The same remark is applicable to proceedings for the *discharge of insolvent debtors*. The objection is purely technical, and without merits. To hold such a defect to be fatal, when the proof shows that the officer was fully authorized to act, would be a wide departure from the rule as laid down in that case.

We have been referred to *Small* v. *Wheaton*, in 2 *Abb. Pr. Rep.* 175. In that case the affidavit of the petitioner was not made before the officer conducting the proceedings, as the statute required. This was not a mere omission that could be remedied by proof, but the paper showed on its face that it was a nullity and could not be made valid, the same having been made before a person who had no authority to take that affidavit. In the one case the proof showed that there was no authority; in the other that the authority existed.

Some names are signed to the petition without any amount set opposite to them, but the same persons are not stated to be creditors in the schedule annexed to the petition. The fact of signing the petition without any sum does not prove them to be creditors. On the contrary, as no sum is affixed to their names, and as they do not appear to be creditors named in the schedule, the presumption is they were discovered not to be creditors, after they had signed the petition.

The case of *Stanton* v. *Ellis*, (2 *Kern.* 579,) is directly the reverse of the present. There the names were placed in blank in the schedule of creditors, without any sum attached to them, and the court held that inasmuch as the debtor had sworn

that they were creditors, and had not stated the amount of indebtedness, the officer had no means of knowing that two-thirds in amount of the creditors had petitioned for his discharge. In this case the insolvent has sworn that they are not creditors, and the difficulty does not exist.

All the other objections taken to the validity of the proceedings, under the cases above referred to, would not be jurisdictional matters, or would be matters on which the officer was called upon to decide at the hearing; and if so cannot be taken advantage of in a collateral proceeding.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Ingraham,* Justices.]