THE PEOPLE *on rel.* THE PACIFIC MUTUAL INSUR-
ANCE COMPANY *a.* MACHADO.

*Supreme Court, First District; General Term, Oct.,* 1863.

INSOLVENT'S DISCHARGE.—JURISDICTION.—RESIDENCE OF INSOLV-
ENT.—PRESUMPTION.

Under 2 Rev. Stat., 35, § 2,—requiring proof that an insolvent whose discharge is petitioned for resides, or is imprisoned, in the county in which resides the officer to whom the petition is presented,—such proof is an essential preliminary to the jurisdiction of the officer.

It will not be assumed in favor of an insolvent's discharge that proper proof as to the insolvent's residence, which is not suggested by the record, was in fact given.*

---

* In O'CONNELL *a.* SUTHERLAND (*New York Superior Court; Trial Term, November,* 1862), the following points were ruled by Chief-justice Bosworth:

A defendant interposing his discharge in insolvency as a defence, may prove it by the production of the discharge, without producing the whole record, if the discharge recites the jurisdictional facts.

The omission, in an affidavit of service of the notice to creditors, to insert the deponent's name in the commencement or caption, is not a defect for which the discharge can be avoided collaterally.

Under the act of 1847 (2 *Laws of* 1847, 470, ch. 366),—which requires the officer entertaining proceedings for the discharge of an insolvent to direct service of notice on each creditor residing within the United States, whose place of residence is known, to be made "in person, or by letter addressed to him by mail,"—service by depositing the notice in the post-office in the same town where the creditor resides, is valid.

*B. F. Sawyer,* for the plaintiff.

*James M. Sheehan,* for the defendant.

Certiorari to review a proceeding before the city judge of New York, exonerating the respondent from arrest.

The writ was issued on the relation of the Pacific Mutual Insurance Company. The respondent had presented the following petition to the city judge:

"To the Honorable John H. McCunn, City Judge of the City and ·County of New York:

"The petition of John A. Machado, of the City, County, and State of New York, respectfully showeth: that your petitioner is an insolvent debtor unable to pay his debts, and therefore prays that his estate may be assigned for the benefit of all his creditors, and that his person may thereafter be exempted from arrest or imprisonment by reason of any debts arising upon contracts previously made, and that he may be discharged from his imprisonment pursuant to the provisions of the statute concerning voluntary assignments by an insolvent, for the purpose of exonerating his person from imprisonment.

"And your petitioner will ever pray."

[*Date.*]                                              [*Signature.*]

To this was attached an affidavit, as follows:

[*Venue.*]

"Patrick Nolan, being duly sworn, says that he knows John A. Machado, said insolvent; that said Machado is a resident and inhabitant of the State of New York."

[*Jurat.*]                                              [*Signature.*]

Then followed schedule and inventory in the usual form. The other papers in the proceeding are not here inserted, as they are not referred to in the opinion. The discharge was granted July 30th, 1862, in the following form, exclusive of recitals: "that the insolvent be exempted from imprisonment by reason of any debt due at the time of his making said assignment, or contracted for before that time, though payable afterwards; and by reason of any liabilities incurred by said insolvent, by making or indorsing any promissory note or bill of exchange; or incurred by said insolvent in consequence of pay-

ment by any party to such note or bill of the whole or any part of the money secured thereby, whether such payment be made prior or subsequent to the execution of said assignment."

*John N. Lewis* and *David Dudley Field*, for the relators, after urging that the city judge had not jurisdiction to grant insolvents' discharges, argued—

II. That if he had such jurisdiction, he had not acquired jurisdiction in this case, even to take the first step; because, 1. The affidavit of the insolvent did not appear to have been subscribed before the judge. (2 *Rev. Stat.*, 29, § 2; McDonald *a.* Garrison, 9 *Abbotts' Pr.*, 34.) 2. There was no allegation that Machado resided or was imprisoned in the county where the city judge resided. This was necessary. (2 *Rev. Stat.*, 35, § 2; Staples *a.* Fairchild, 3 *N. Y.*, 41.) The Constitution of 1846 made an entire reorganization of the judiciary of the State. The 6th article exhausted the subject of the judicial department. The only authority for a recorder's court is that contained in the 14th. (Renard *a.* Hargous, 13 *N. Y.*, 259; Morewood *a.* Hollister, 6 *Ib.*, 309; Payne *a.* Young, 8 *Ib.*, 158.) Under the laws of the United States, citizenship must be carefully set forth to confer jurisdiction, and the language is not stronger than the language of our insolvent act. (Wood *a.* Wagnon, 2 *Cranch*, 9; Abercrombie *a.* Dupuis, 1 *Ib.*, 343; Bingham *a.* Cabot, 3 *Dallas*, 352.) Supposing that the petition and the affidavit of Machado could have been extended by construction to mean that the alleged insolvent resided in the city of New York, it did not appear that the city judge resided in the same county. There is no provision of law requiring the New York city judge to reside in the city. But there was no evidence that Machado resided in New York city. His petition describes him as "of the city, county, and State of New York," and then "respectfully showeth" certain facts. His affidavit makes no allusion to his residence. (Staples *a.* Fairchild, 3 *N. Y.*, 41, 44; Payne *a.* Young, 8 *Ib.*, 158.) Nolan, the clerk of the petitioner's attorneys, swears only that Machado is a resident and inhabitant of the State of New York. This fact must be proved. (Rusher *a.* Sherman, 28 *Barb.*, 416.)

III. Even if the city judge had acquired jurisdiction on presenting the papers, his subsequent proceedings were erroneous.

This is a statutory certiorari, and brings up for review all the errors of the judge. (2 *Rev. Stat.*, 47; Morewood *a.* Hollister, 6 *N. Y.*, 309; Small *a.* Wheaton, 2 *Abbotts' Pr.*, 175, 184.) On certiorari the court can look only at the facts returned, and can assume nothing in favor of the jurisdiction of the inferior tribunal. (People *a.* Soper, 7 *N. Y.*, 428. See Morewood *a.* Hollister, 6 *Ib.*, 309; and Benjamin *a.* Benjamin, 5 *Ib.*, 383.)

*Aaron J. Vanderpoel* and *John B. Fogerty*, for the defendant.*—I. The proceedings before the city judge are regular on their face. There are no defects in substance or form. The court cannot regard or review any omissions in the schedule; the creditor had notice, he did not appear, and he is concluded by the discharge. (People *a.* Stryker, 24 *Barb.*, 649.) To vitiate the discharge, the omission must be intentional and fraudulent, and that question can be tried on certiorari. (People *a.* Stryker, 24 *Barb.*, 649; Small *a.* Graves, 7 *Ib.*, 576; Ayres *a.* Scribner, 17 *Wend.*, 407.)

II. The city judge had jurisdiction. (*Laws of* 1850, 388, ch. 205, § 3; 1 *Rev. Stat.*, 5 ed., 397.) 1. The duties imposed upon the judge in granting insolvents' discharges are clearly judicial. 2. Whatever emanates from a judge, as such, or proceeds from a court of justice, is judicial. (*Bouvier's Law Inst.*) 3. Since 1850, the city judge has been in the constant practice of entertaining proceedings relative to insolvent debtors. Where a construction of a statute has been adopted and acted upon, the courts will acquiesce in it, although as an original question they might have been inclined to adopt another construction. 4. Section 4 of the act of 1850 negatives the idea that the powers of the city judge are limited merely to the duties of the recorder while holding court.

By the Court.—Sutherland, P. J.—The statute (2 *Rev. Stat.*, 35, § 2) declares that applications under the 3d, 4th, and 5th articles of the title,—relating to the assignment of the estates of non-resident, absconding, insolvent, or imprisoned debtors,—" shall be made to an officer residing in the county

---

* The counsel for the defendant on this proceeding did not act for him in the proceedings before the city judge.

in which the insolvent or imprisoned debtor resides or is imprisoned; and proof of such residence or imprisonment shall be made at the time of presenting the petition, and before any order shall be made."

It was held in Rusher *a.* Sherman (28 *Barb.*, 416), by the general term of this district, that this proof of residence within the county where the officer resides was necessary to give the officer jurisdiction. It appears to me that the words of the statute make this preliminary proof of residence within the county a jurisdictional fact. (See, also, Matter of Wrigley, 8 *Wend.*, 134.)

The record in this case does not show that this proof was made; perhaps the inference from the record is that there was no such proof. Nolan's affidavit merely states that the insolvent was a resident and inhabitant of the State of New York. It is not probable that there was any other affidavit or proof as to the residence of the insolvent.

The petitioner, in his petition, describes himself as of the city, county, and State of New York; but the record does not show that there was proof, at any time, either before or after the order for publication, that he resided in the city or county of New York.

I do not see how we can avoid the conclusion that the insolvent proceedings before the city judge must be reversed or quashed on this ground alone.

It is not necessary to examine or decide any other point in the case.

BARNARD, J., concurred.

CLERKE, J., expressed no opinion.

Proceedings reversed.