## SORCHAN v. CITY OF BROOKLYN.

*Taxation — assessment for local improvements in Brooklyn — irregularities in assessment not reviewable collaterally. Statutory construction, Laws 1861, chap. 298; 1869, chap. 744 — directory provision.*

By Laws 1861, chap. 298, appointing a commission to improve Atlantic avenue, Brooklyn, assessors were directed to estimate the cost of grading and paving, and certify the same to the commissioner, and the cost was to be assessed upon lands fronting the avenue, etc. *Held*, that the assessment being imposed on the lands mentioned by the law itself, the neglect of the assessors to certify to the commissioners did not invalidate such assessment.

By Laws 1869, chap. 744, the commission was ordered to complete the work, report the total cost to the common council before the 1st of June, and the assessors were directed upon the making of such report to certify the cost of grading, etc., to the common council, and the said cost was to be assessed and collected as provided by the previous law. *Held*, (1) that the direction to report June 1st was only directory, and a report made more than a year afterward was a sufficient compliance with the law, and (2) that the certificate by the assessors was not essential to the validity of the assessment.

In an action to declare void an assessment sale as a cloud on the title, *held*, that irregularities in the manner in which the assessors performed their duty could not be reviewed collaterally.

APPEAL by plaintiffs from a judgment at the special term in favor of defendants.

The action was brought by Marius A. Sorchan and another, trustees and executors under the last will, etc., of Jacques A. La Chaisè, deceased, against the city of Brooklyn and another, to vacate an assessment alleged to be invalid as being an apparent lien upon lands belonging to plaintiffs' estate.

*Anderson & Man,* for appellants.

*Jesse Johnson* and *William C. De Witt,* for respondents.

· Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

BARNARD, P. J. The plaintiffs seek by action to have declared void certain assessments, the sales thereunder and certificates on such sales as a cloud on their title. By chapter 298 of the Laws of 1861,

the legislature appointed a commission to improve Atlantic avenue, in the city of Brooklyn. Under this act the assessors were directed to estimate the cost of grading and paving the avenue. The assessors were directed to certify this cost to the commission, and this amount was to be deducted from the whole cost of the work, and was to be assessed upon lands fronting on the avenue, and the remainder of the cost was to be assessed upon the first twelve wards of the city of Brooklyn. The assessors made no certificate to the commission beyond passing a resolution fixing the cost of grading and paving.

The first objection made by the plaintiff is that the omission to give this certificate was fatal. If the commission imposed the tax and only had power to impose such a tax as should be certified by the assessors the objection would be a serious one. But in this case the commission laid no tax. The legislature imposed that, and directed the assessors to lay it on lands fronting the avenue. The omission to certify to the commission had no relevancy to the tax. It would simply inform the commission what part of the whole expense should be laid on the twelve wards. Under this law of 1861 no tax was laid.

In 1869 (chapter 744, Laws of 1869), the commission was ordered to complete the improvement without delay, and to report to the common council on or before the 1st of June, 1869, the total cost, and the commission was thereby dissolved after said 1st of June, 1869, and the further work was to be done by the common council. By the second section of this act the assessors were, upon the making of such report, directed to determine the cost of grading and paving the avenue, and certify the same to the common council, and the said costs and expenses were to be assessed, levied and collected as provided by the previous law.

No certificate is proved to have been given, and the commission did not report until February 28, 1870. Both these objections are urged against the assessment.

The direction to make the report by a certain date was directory, and not essential to the validity of the tax. *Matter of Empire City Bank,* 18 N. Y. 199; *Sears* v. *Burnham,* 17 id. 445; *People* v. *Supervisors of Chenango,* 8 id. 318. The certificate to the common council was not a step needed to the validity of the imposition of the assessment. The law imposed the tax for the grading and paving the avenue, and the assessors were directed to lay it. They got,

and were to get, no authority from the common council. The common council had, perhaps, a portion of the tax to collect of certain wards in the city, and the information, as to the amount which was to be deducted from the whole cost, may have been the reason why the legislature directed the information to be certified to them. But the tax in question was imposed by the legislature, and the assessors must lay it under the law.

The objection taken to the manner in which the assessors performed their duty, and the form of their oath to the tax levy, cannot be reviewed collaterally. The assessors had jurisdiction of the subject-matter, and their acts must stand until reviewed by a direct appeal from their determination. *Rusher* v. *Sherman*, 28 Barb. 416; *Stanton* v. *Ellis*, 12 N. Y. 575; *Buffalo & State Line R. R. Co.* v. *Supervisors of Erie*, 48 id. 93.

The judgment is affirmed, with costs.

*Judgment affirmed.*