# FREDERICK SCHAEFFER AND MAXIMILIAN SCHAEFFER, APPELANTS, *v.* WARREN SOULE, RESPONDENT.

*Proceedings for a discharge under the two-thirds act — when the true cause of the debt is sufficiently set forth.*

In this action, brought by the plaintiff upon several promissory notes, given for money loaned and beer sold to the defendant, the defendant Soule was arrested in pursuance of an order granted on the ground that the plaintiffs were induced to loan the money and sell the beer by means of false and fraudulent representations made by him; and a motion subsequently made by him to have the order vacated was denied. After the judgment was recovered herein, Soule procured a discharge from his debts from the Court of Common Pleas under the two-thirds act. In the schedule accompaying the petition he stated the

cause and consideration of the debt to the plaintiff as follows, viz., "notes and open account for money loaned and interest thereon."

*Held,* that the true cause and consideration of the indebtedness was sufficiently set forth to confer jurisdiction over the proceedings upon the Court of Common Pleas, and that upon producing his discharge he was entitled to an order perpetually staying all proceedings under the judgment herein, and ordering the same to be marked "satisfied by the defendant's discharge in insolvency proceedings."

APPEAL from an order made at Special Term perpetually staying all proceedings under the judgment in this action, and ordering the judgment to be marked satisfied by the defendant's discharge in insolvency proceedings.

*Edward Fitch,* for the appellants.

*F. C. Reed,* for the respondent.

DAVIS, P. J. :

The action in which the judgment was recovered was brought upon several promissory notes. The notes were given for money loaned and an open account for beer sold and delivered. Upon affidavits an order of arrest of the defendant Warren Soule was obtained, on the ground that the moneys loaned and the sale of the beer were induced and obtained by fraudulent representations. On a motion founded upon additional affidavits, the court refused to discharge the order of arrest. After the judgment was recovered the respondent Soule made application to the Court of Common Pleas, under the two-thirds act, for his discharge. In the schedule of his debts accompanying his petition, the debt of the plaintiff and the amount thereof were entered, and the cause and consideration thereof were stated as follows: "Notes and open account for money loaned and interest thereon." Such proceedings were had in the Court of Common Pleas upon the petition and application that afterwards a discharge was granted to the respondent Soule. Upon such discharge he afterwards moved, at a Special Term of this court, for a perpetual stay of all proceedings under and by virtue of the judgment, and for an entry upon the docket that the judgment was satisfied by the defendant's discharge in insolvency proceedings.

The only point made is whether the respondent, in the schedule of his debts, had set forth the true cause and consideration of the indebtedness as required by the statute.

In disposing of the case below, the court (DANIELS, J.), said as follows : " The true cause and consideration of the defendant's indebtedness are set forth in the papers accompanying his petition and application. The fraud of which he had been guilty formed no part of the consideration of such debt. That was only important as the foundation of the plaintiff's right to arrest him. It formed no part of the contract or obligation on which the action was brought and for which the judgment was recovered. Both were for the indebtedness itself, and for nothing more than that, and by the express terms of the statute, after the discharge was granted to the debtor, his person was no longer liable to arrest in this action. (3 R. S. [6th ed.], 19, § 38.) It accordingly follows that the plaintiff's proceedings must be stayed, for in no other manner can complete effect be given to this provision of the law."

We are of opinion that this is a correct view of the case. The cause and consideration of the indebtedness was the money loaned and the beer sold and delivered. The alleged fraud and the order of arrest thereon were purely collateral matters. It is not necessary to set them forth in order to give the court in which the petition was presented jurisdiction to hear and dispose of the matter. This question now arises collaterally, and not in a direct proceeding to review the discharge. In *The People* v. *Stryker* (24 Barb., 649) it was held that even if it be apparent from the papers that the true cause and consideration of the alleged indebtedness of the debtor to his principal creditor are not set forth in the schedule annexed to the petition ; yet that is matter proper for the consideration and determination of the judge who heard the petition, where the creditors had the notice required by the statute to show cause why an assignment of the insolvent's estate should not be made, and he be discharged from his debts, and that if they neglected to appear and raise objections they should be concluded. Whether that view be sound or not in a case of certiorari to review the order of discharge, it has nevertheless been decided to be conclusive where the question, as it does here, arises collaterally. (*Pratt* v. *Chase*, 19 Abb. Pr.,

150; *Deyo* v. *Van Valkenburgh*, 5 Hill, 242; *American Flask Co.* v. *Son*, 3 Abb. [N. S.], 233.)

It was held in *Deyo* v. *Van Valkenburgh* (*supra*), that discharges of this character operate upon judgments recovered in actions of tort, upon which, of course, the defendant can be arrested.

It is insisted by the appellant's counsel that the discharge in this case is invalid within the rules laid down by the Court of Appeals in the *Matter of Brady* (69 N. Y., 215), in which the judgment of this court was affirmed. That case holds that a discharge under part 2, chapter 5, title 1, article 6 of the Revised Statutes, of an imprisoned debtor, should not be granted where it appears that the affidavit annexed to his petition is untrue, because of a previous disposition of his property made with intent to defraud the creditors who opposed his discharge. That case presents a very different question from that before us now.

For the reasons assigned by Mr. Justice DANIELS, we think the order should be affirmed, with ten dollars costs and disbursements.

BRADY and BARRETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.