[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 577 
The statute under which the insolvent proceedings were had, which were in question in this case, declares the effect of a discharge to be as follows: "The original discharge, the record thereof, and a transcript of such record, duly authenticated, shall be conclusive evidence of the proceedings and facts therein contained." (2 R.S., 38, § 19.) Notwithstanding this strong language, the constant course of adjudication has determined that the facts upon which the jurisdiction *Page 578 
of the officer depends, may be inquired into by a party seeking to impeach the final order in a collateral action; and if a defect is ascertained the whole proceeding is declared void. (Barber v. Winslow, 12 Wend., 102; Van Alstyne v.Erwine, 1 Kern., 331, and cases cited; Morgan v. Dyer, 10Johns., 161; Sackett v. Andross, 5 Hill, 327; Varnum v.Wheeler, 1 Denio, 331.) The recitals in a discharge are held to be prima facie evidence only of jurisdictional facts. (Jenks v. Stebbins, 11 Johns., 224.) But these are subject to be disproved. The rule, therefore, is, that where the officer is shown to have acquired jurisdiction, the discharge reciting the performance of the subsequent statutory requirements is incontrovertible evidence that they have been performed as stated, but it is not in the power of the officer to create such evidence, unless he has in the first place acquired a right to proceed in the case, by the performance, by the party invoking his action, of the preliminary steps required by law to be taken as a condition to his entertaining the case. In applications by an insolvent and his creditors under the third article of the title of the Revised Statutes relating to non-resident, absconding, insolvent and imprisoned debtors (2 R.S., 16), the debtor is required to deliver to the officer with his petition a certain schedule containing an account of his creditors, in which is to be stated the sum owing to each creditor, and the nature of each debt or demand, whether arising on written security, on account, or otherwise." (§ 5.) The petition is to be signed by two-thirds in amount of all his creditors residing within the United States. (§ 2.) In the papers delivered by the defendant when he applied to Judge Sherman, the schedule of his creditors contained the names of George W. Stanton Sons as such creditors, and a statement that their debt was in judgment in the supreme court, and that it was for goods, wares and merchandises; but it omitted to state the amount of the debt, the proper place in the column of amounts being, accidentally, I presume, left blank. Now *Page 579 
although the discharge recites that it had been made to appear satisfactorily to the officer that the defendant had conformed in all respects to the requirements of the act, yet it was proved, by the production of the petition and schedule, that in the respect just mentioned there was a failure so to conform. It was impossible for the officer to know that two-thirds in amount of the defendant's creditors had subscribed his petition; for the aggregate amount of all his debts could not be stated until it was known how much he owed to Messrs. Stanton Son. This was a fatal defect in an important jurisdictional requirement, and the officer had no right to make any order upon the petition. If no mention had been made of this debt, the papers would have been regular on their face and the discharge would have been valid so far as that obligation is concerned, unless it had been shown that the suppression was with fraudulent motives. So, if an incorrect amount had been inserted. (2 R.S., 81, § 35, subd. 4.) The difficulty in the case is that the schedule showed affirmatively that there was a creditor, the amount of whose debt was not stated It might be more or less; and if it reached a certain amount, the debts of the petitioning creditors would not have amounted to two-thirds of all the petitioners' debts, and it was utterly impossible for the officer to tell whether it did amount to such a sum or not. For this reason, without examining the point passed upon by the general term of the supreme court, I am of opinion that the judge, before whom the action was tried, decided correctly in rejecting the discharge as a defence.Cunningham v. Bucklin (8 Cow., 178) is not opposed to this. Judge Savage said: "There is no question here as to jurisdiction. The commissioners had by statute jurisdiction of the subject matter. By the petition and oath of Shepherd he acquired jurisdiction of his person." I think the court fell into a mistake in supposing that taking up the case after a discontinuance did not raise a question of jurisdiction. But it is enough for my purpose *Page 580 
that they admit, impliedly, that his license would not shield him unless he once acquired jurisdiction. I have some doubt about the point decided by the supreme court in this case. If jurisdiction was acquired by the original papers, I suspect that the recital in the discharge covers the want of notice.
The judgment should be affirmed
Judgment accordingly.