## EMBERSON'S CASE.

*New York Superior Court; Before Hon. Joseph S. Bosworth, Ch. J., October, 1863.*

INSOLVENT.—PETITIONING CREDITOR.—ASSIGNEE HAVING OB-
TAINED JUDGMENT.

One who has become a creditor of an insolvent, knowing him to be such, by buy-
ing a demand against him for less than the nominal amount of such demand,
cannot, by prosecuting the demand to judgment, and recovering the whole
amount, entitle himself to be considered a creditor to the whole amount. By
2 Rev. Stat., 36, § 10, an assignee, executor, &c., petitioning as creditors in any
of the cases in which non-resident, absconding, insolvent, or imprisoned debt-
ors are authorized to make assignments, are to be deemed creditors only to the
actual amount paid for the debt or demand ; and prosecuting the debt to judg-
ment does not alter the case.

The fact that the petitioners for the discharge of an insolvent are not creditors for
two-thirds of the aggregate of the insolvent's debts, is sufficient to prevent a
discharge being granted, though not ground for avoiding it after it has been
granted.*

* In WARRIN's CASE (*before the County Judge of Westchester county, in September*, 1861),
it was *Held*, that when creditors residing in other States petition, they must annex
the original accounts or sworn copies, and the original specialties or securities, if
any, on which their demands arise ; and that an omission to do so is fatal to the
proceedings, and the defect cannot be supplied.

This was an application of Thomas Warrin, an insolvent, for a discharge from
his debts, under the statute above referred to. The ninth section of the general
provisions relative to petitions for discharge, &c., of non-resident, absconding, in-
solvent, or imprisoned debtors, declares that " creditors residing out of this State,
and within the United States, may petition, and unite in any petition, in the
same manner as resident creditors under either of the preceding articles. They
shall annex to every such petition the original accounts, or sworn copies, and the

Petition in insolvency, under the Two-thirds Act.

Samuel Emberson applied to the chief-justice, upon a petition signed by creditors, purporting to be such to the amount of two-thirds of all his debts, for his discharge from his debts as an insolvent, under the provisions of article 3 of title 1 of chapter 5 of part 2 of the Revised Statutes of this State. (2 *Rev. Stat.*, 16.)

*George W. Stevens*, for the application.

*G. A. Seixas*, for other creditors, opposed.

Bosworth, Ch. J.—If a creditor, who has become such by purchasing a demand against the insolvent debtor for less than its nominal amount, cannot become a petitioning creditor in respect to such demand for a larger sum than he paid therefor, although between the time of the purchase and so petitioning he has prosecuted it to judgment, and recovered a judgment for the whole nominal amount, then a discharge in this case must be refused.

That he is to be deemed a creditor to the amount of the sum paid, and to that amount only, is expressly declared by statute.

---

original specialties or written securities, if any, on which their demands arise or depend."

Robertson, County Judge.—This is an application by Thomas Warrin, an insolvent debtor, to be discharged from his debts. John Warrin, a resident of California, is the only petitioning creditor. It appears from his affidavit, annexed to the petition, that he holds the insolvent's notes to the amount of $40,470.14, exclusive of interest, which were given for the purchase-money of merchandise sold in 1857. The principal and interest of these notes constitute his demand.

Neither the original accounts of the sale of said merchandise, nor the notes given for the purchase-money thereof, nor sworn copies of such accounts or notes, are annexed to said petition. By reason of this omission, the counsel for the contesting creditors insist that the county judge has failed to acquire jurisdiction, and that the proceeding should be dismissed.

The annexing of these originals, or sworn copies, to the petition as above mentioned, is one of the preliminary steps essential in this case to confer jurisdiction, and until that is done no jurisdiction can be obtained. There has been no compliance here with this requirement of the statute, nor can the omission be now supplied so as to give validity to the proceedings subsequent to the presentation of the petition ; for jurisdiction never having been acquired, there can be no authority to supply the defect. The petitioner may withdraw his petition, otherwise this proceeding is dismissed.

(3 *Rev. Stat.*, 5 ed., 110, § 10.) Being limited to the sum paid, as the one for which he is a creditor, as regards the insolvent's application for a discharge, it is not easy to perceive on what principle he can claim to be a creditor for a larger sum, by merely prosecuting the demand to judgment.

Notwithstanding he has prosecuted it to judgment, he is, in substance and good sense, a creditor in respect to such demand.

Although his affidavit states the existence of the judgment, yet it must state the nature of the demand, and the general ground and the consideration of the indebtedness (*Ib.*, 92, § 7); and he must annex to his signature to the petition a declaration in writing that he relinquishes to the assignees who shall be appointed the benefit of the security to be created by such judgment for the benefit of all the creditors. (*Ib.*, 110, § 11.)

So the petitioning creditors, whose demands are in judgment, understand the statute, for they have severally signed such a declaration in writing, which forms part of the papers on which the present application is based.

The fact, therefore, that a creditor who has bought a demand against the insolvent, knowing him to be such, at a discount, sees fit to prosecute it, and recover judgment upon it, although valid as against the debtor for the whole amount, does not take him out of section 10 of the statute in respect to his position as a petitioning creditor.

He can be treated as one only to the extent of the sum paid.

He is to be treated as a creditor for all that he *bona fide* paid to become such, that being less than the demand purchased, and for that sum only.

William Emberson is a petitioning creditor for the sum of $5,841.19, in respect to demands now in judgment, for which he paid $2,200. If he can be deemed a creditor only to the amount of $2,200, then two-thirds in amount of the insolvent's creditors have not petitioned for his discharge.

[The judge then reviewed the facts relative to some other alleged debts, which made the proceedings appear questionable, and continued :]

But it is not necessary to pass decidedly on these and other questions raised and discussed. The fact that petitioning creditors are not such for two-thirds of the aggregate of the insolvent's debts is sufficient to prevent his being discharged (3 *Rev.*

*Stat.*, 96, § 30; *Ib.*, 110, § 10); although, after a discharge has been granted, it cannot be avoided for that mere fact, there being no actual fraudulent act or intent of the insolvent originating that defect in the proceedings. (*Ib.*, 99, § 40, subd. 4, 5, and 7.)

The application must be denied, and the proceedings filed with the clerk of the city and county of New York.