JOHN H. MORROW, Appellant, *v.* ALPHEUS FREEMAN, Respondent.

Where the schedule annexed to the petition presented by an insolvent debtor for the purpose of instituting proceedings for his discharge under the " two-thirds act " (2 R. S., 16, *et seq.*), shows, upon its face, that the creditors joining in the petition do not own two-thirds of the debts owing by the insolvent to creditors residing in the United States, the officer acquires no jurisdiction, and a discharge based upon the petition is void.

*Betts* v. *Bagley* (12 Pick., 572) distinguished; *Emberson's Case* (16 Abb., 457) distinguished and limited.

(Argued September 23, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought by the plaintiff, as assignee of a judgment recovered by Caleb H. Shipman and others against the defendant, May 19th, 1859, for $194.17.

The defence was an alleged discharge under the provisions of 2 Revised Statutes, 16, *et seq.* (Part II, chap. 5, art. 3, " Of voluntary assignments, made pursuant to the application of an insolvent and his creditor.") The discharge purported to have been granted by George G. Barnard, recorder, etc., December 21st, 1859.

On the trial, several objections were raised to the validity of the discharge; among others, that the creditors who signed the petition did not represent two-thirds of the insolvent's entire indebtedness as it is stated in his own schedules. According to the schedules, the whole indebtedness was $6,410.32. The amount due to the petitioning creditors was $4,008.00. That is less than two-thirds by the sum of $265.54. The plaintiff claimed that this defect in amount was vital to the jurisdiction of the officer granting the dis-

charge, and that being without jurisdiction, his act was wholly void, and that accordingly his own claim was still enforceable in this action. The court overruled this and other objections, and held them insufficient to avoid the discharge. To this decision the plaintiff's counsel excepted. The plaintiff also requested the court to charge the jury that the discharge pleaded by the defendant was void for the want of jurisdiction in the officer by whom it was granted, stating the facts above set forth as a reason, and asked the court to direct them to render a verdict for the plaintiffs. This request was denied, under due exception, and the jury subsequently found a verdict for the defendant.

*F. C. Cantine* for the appellant. The insolvent's discharge pleaded by defendant was void, because the creditors who signed the petition for it did not represent two-thirds of his entire indebtedness. (2 R. S., art. 2, tit. 1, chap. 5, pt. 2, §§ 2, 25; *Frary* v. *Dakin*, 7 J. R., 75; *Salters* v. *Tobias*, 3 Paige, 338; *Rusher* v. *Sherman*, 28 Barb., 416; *Stanton* v. *Ellis*, 12 N. Y., 575; *Gillies* v. *Crawford*, 2 Hilt., 338.)

*George W. Parsons* for the respondent. The objection that the petition for the discharge did not embrace two-thirds in amount of creditors cannot avail. (*Betts* v. *Bagley*, 12 Pick., 572; *Rusher* v. *Sherman*, 28 Barb., 419; *Emberson's Case*, 16 Abb., 457.)

DWIGHT, C. The plaintiff in this case brings his action as assignee of a judgment to recover the sum of $194.17. The defendant pleads his discharge in insolvency under the so-called " two-thirds act." The plaintiff insists that the discharge was a nullity, because the officer granting the discharge had no jurisdiction.

The Revised Statutes provide that every insolvent debtor may be discharged from his debts upon executing an assignment of all his estate for the benefit of his creditors, and upon the provisions of the article concerning their discharge being complied with. (2 R. S., 16, *et seq.*)

The second section of the article provides that the debtor's petition shall be signed by him and by so many of his creditors residing within the United States as have debts in good faith owing to them by such debtor,  *  *  *  and amounting to at least two-thirds of all the debts owing by him to creditors residing within the United States.    The fourth section requires that the petition shall be accompanied by an affidavit of each petitioning creditor, setting forth that the specified amount of his indebtedness is a just and valid claim, and also stating the nature of his demand and how it arose, and that he has not received payment of any part of it, nor any gift or reward upon any express or implied trust or confidence that he should become a petitioner for the insolvent.

Under these carefully drawn provisions, the fact that two-thirds of the creditors sign the petition is jurisdictional. The petition is the groundwork of the officer's right to proceed. The eighth section only authorizes the officer on receiving *such* petition, schedule and affidavit, as have been provided for in previous sections, to issue an order requiring all the creditors of the insolvent to show cause at a specified time and place why an assignment of the insolvent's estate should not be made and he be discharged from his debts. Without the petition, as provided by the statute, he has no power to proceed with the matter.

This case is governed by the principles announced in *Nat. Bk. of Chemung* v. *City of Elmira* (53 N. Y., 49, 53), and many other cases concerning the powers of magistrates or officers having a special or limited jurisdiction. The officer acting under a special authority conferred by statute must see that he acts within the authority. He cannot acquire jurisdiction by deciding that he has it. He must, in fact, possess it. In other words, the facts must exist upon which the legislature were willing that the officer should act. Were it otherwise, in the present instance the restrictions of the statute would be evaded, and debtors might be discharged on the consent of less than the prescribed number of their creditors. The policy of the statute would thus be subverted.

It appears affirmatively in the present case, and on the face of the proceedings, that less than two-thirds of the creditors petitioned for the defendant's discharge. Under this state of facts it is impossible to hold that the recorder who granted the discharge had jurisdiction over the case. Having no jurisdiction, his decision that he had it is a nullity, and the discharge is inoperative and void.

These views are sustained by decisions bearing directly upon this branch of the law. (*Frary* v. *Dakin*, 7 J. R., 75; *Salters* v. *Tobias*, 3 Paige, 338; *Rusher* v. *Sherman*, 28 Barb., 416; *Stanton* v. *Ellis*, 12 N. Y., 575; *Emberson's Case*, 16 Abb. Pr., 457; *Betts* v. *Bagley*, 12 Pick., 572.)

In *Frary* v. *Dakin* the question was, upon demurrer, as to the sufficiency of a plea whereby the defendant set up his discharge under the insolvent act then in force requiring a petition by three-fourths of the creditors. The court held that the jurisdiction of the judge in insolvency was limited by the act, and unless the insolvent presented a petition in conjunction with creditors to whom he was indebted at least to three-fourths of all the money owing by him, the court of insolvency had no jurisdiction, and as the plea had omitted to state that fact, it was fatally defective. (Page 80.)

In *Salters* v. *Tobias* (*supra*), it was held that it was necessary, under the act of 1813, that two-thirds of the creditors residing in the United States should join in the petition, and that a recital of the fact in the discharge that they so joined was not sufficient to show that the court had jurisdiction.

*Stanton* v. *Ellis* was decided under the present statute. It was there held that the discharge is not conclusive evidence of the facts requisite to give the officer jurisdiction to entertain the proceedings, although they are therein stated to have been proved before him. It was further decided that, in order to confer jurisdiction on the officer, the schedule of the insolvent's debtors annexed to his petition should state the amount owing to each creditor therein named. The defect in the schedule, in that case, was a blank as to the sum owing to one of the creditors named. This was deemed to be a jurisdic-

tional defect rendering the discharge void, notwithstanding the recital in the discharge that two-thirds, in amount, of the creditors had united in the petition.

This case is a plain authority governing the case at bar, as the defect appeared in the schedule, and the papers showed, on their face, that there was an absence of jurisdiction. The court went on the ground that it was impossible for the officer to know that two-thirds, in amount, of the defendant's creditors had subscribed his petition. (Page 579.) The present case is still more clear, as the officer, by reading the papers, must have known, positively and affirmatively, that the required number of creditors did not sign, and he could only decide that he had jurisdiction by a plain and palpable mistake. The papers must be regular on their face, and must at least purport to represent the will of two-thirds of the creditors. It would be nothing but an absurdity to hold, when the very papers which the statute requires to give the officer jurisdiction show affirmatively that he had no authority over the question, that the discharge is valid.

In *Rusher* v. *Sherman*, the court, through INGRAHAM, J., enumerates the points necessary to give the officer jurisdiction, and affirms that where such a *state of facts appears before the officer in the papers presented*, as the law requires, his subsequent acts are valid and the discharge conclusive. At the same time it is maintained that, though the discharge furnishes evidence of jurisdictional matters, it does not prevent the party from showing that, in reality, the officer had no jurisdiction.

The case of *Betts* v. *Bagley* does not aid the defendant. That involved a construction by the Massachusetts court of the insolvent law of New York. It was there held that if the petition *purported* to be signed by two-thirds of the creditors, it was sufficient to give the officer jurisdiction to decide whether that number of creditors did in fact unite with him. The argument of the court was, that the question whether the petitioning creditors do really hold debts to the amount of two-thirds is one of the facts to be judicially tried and

determined by the judge, and that his adjudication on the point is conclusive.

It is unnecessary to consider whether *Betts* v. *Bagley* was correctly decided, as it steers wide of the present case. In fact, the distinguished judge who wrote the opinion (Chief Justice Shaw) appears to maintain that it is necessary to jurisdiction that the preliminary papers should *purport* that two-thirds of the creditors signed the petition. In discussing the facts necessary to give the magistrate jurisdiction, he says: "We think it must satisfactorily appear that the magistrate acting holds the office; * * * that he must have jurisdiction of the person and of the subject-matter; that he has jurisdiction of the person, where it is shown that the party petitioning as an insolvent is an inhabitant of the county, and of the subject-matter where the proceedings are brought before him by a petition *purporting to be a petition by the insolvent, in conjunction with persons holding two-thirds of all the debts due from the insolvent,* to persons residing within the United States. I say with creditors *purporting* to hold two-thirds; and it appears to me that this is all that can be required as preliminary proof, and in order to give jurisdiction." (Page 582.) There is in these remarks no color for supposing that the court would have upheld a discharge granted on papers which disclosed, on perusal, an absence of the facts necessary to constitute jurisdiction.

*Emberson's Case* (16 Abb. Pr., 457) was also cited by the defendant. In that case the question arose before a single judge as to the insolvent's right to be discharged where the petitioners were not creditors for two-thirds of the amount of the indebtedness. It was held, that the discharge could not be granted, though it was added by the judge that, after the discharge had been granted, it could not be avoided for that mere fact, there being no actual fraudulent intent on the part of the insolvent causing this defect in the proceedings. This remark was a mere *dictum*, having no necessary connection with the point actually decided, viz., that the discharge could not be granted, and should not be followed, as it is in

opposition to the sound rule laid down in *Stanton* v. *Ellis* (*supra*), that the discharge is open to attack for want of jurisdiction. The same principle is affirmed as applied to other jurisdictional defects in *Hale* v. *Sweet* (40 N. Y., 97); *Bullymore* v. *Cooper* (46 id., 236).

As the discharge is void for the reasons above given, it is unnecessary to consider the other grounds for attacking it presented on the argument.

The judgment of the court below should be reversed, and a new trial ordered.

All concur.

Judgment reversed.