THE KINGSTON BANK, Appellant, *v.* ROELIFF ELTINGE, President, etc., Respondent.

(Argued April 24, 1876; decided May 23, 1876.)

THIS was an action brought to recover back moneys alleged to have been paid by mistake.

The claim of the plaintiff, in substance, was that in January, 1854, the Huguenot Bank, of which defendant was president, recovered judgment against Nicholas Elmendorf and others, to the amount of $6,351.98, and issued executions thereon to the sheriff of Ulster county. In March, 1854, plaintiff recovered judgments against said Elmendorf and others to the amount of over $15,000, and issued executions thereon to said sheriff. Some time in May, 1854, after the first executions had run out, but while plaintiff's were still in life, the sheriff levied upon a steamboat belonging to Elmendorf and subsequently sold it. Plaintiff and defendant's bank supposing the levy to have been made during the life of the

latter's execution, agreed that the sheriff might take the notes of one Van Vechten, who bid off the steamboat, for the amount of his bid; subsequently, Van Vechten made payment on the notes, which were, with plaintiff's assent, and under said mistaken belief, paid over to defendant. This was substantially the aspect of the case as it appeared upon a former trial, where a judgment was rendered for defendant which was reversed by this court. (See 40 N. Y., 391.) The court there found that the moneys paid to defendant's bank were the proceeds of the sale of the steamboat. The referee, however, before whom the second trial was had, did not find that the moneys paid to the Huguenot Bank were the proceeds of the sale of the steamer, but on the contrary that its judgments were paid direct to its attorney by Van Vechten, partly out of funds belonging to Elmendorf and the balance by his own note, nothing being said about the bid or the notes given therefor, and the same not having been presented; that Van Vechten, on such payment, demanded satisfaction of the judgments. He also found that none of the funds used to pay the executions belonged to plaintiff. The court here *held*, that the evidence was sufficient to sustain the findings, and that, even if the payment was made to defendant's bank under a mistake of fact in regard to the executions, the moneys paid could not be recovered back by the plaintiff, as neither plaintiff nor the sheriff ever had possession or title thereto. It also appeared, and the referee found in substance, that Elmendorf was the owner of real estate in Ulster county, upon which the Huguenot Bank judgments were prior liens, and which subsequent to their satisfaction was sold upon plaintiff's and other executions, and that plaintiff received upon its executions, out of the proceeds of such sale, an amount, at least, as much as was paid to and received by the Huguenot Bank, as aforesaid, and which, if its executions had remained in the hands of the sheriff and had not been returned satisfied, it would have been entitled to thereon. *Held*, that as the action was an equitable one, presenting the question as to which party the money *ex æquo et bono* belonged (*Buel* v. *Boughton*, 2 Den., 91, 93; *Barber* v. *Cary*, 11 Barb., 551, 552; *Butler* v. *Wright*, 6 Wend., 284; *Eddy* v. *Smith*, 13 id., 488, 490; *Price* v. *Neal*

3 Bur., 1354), and as the plaintiff was not entitled to recover unless it was against conscience for defendant to retain the money, and as defendant received no more than his due and thereupon relinquished a lien from which plaintiff derived full as much benefit as if it had itself received the money, plaintiff, on this ground alone, was not entitled to recover.

Also, *held*, that it was not necessary to set up and prove these facts as a counter-claim; that they were admissible as showing that the equities were with the defendant.

*Samuel Hand* for the appellant.

*Francis Kernan* for the respondent.

MILLER, J., reads for affirmance.
All concur.
Judgment affirmed.