JAMES WILEY, Respondent, *v.* ELISHA M. BRIGHAM, Appellant.

This action was brought to recover a balance of $639, alleged to have been found and agreed to be due plaintiff on a settlement and account stated between him and defendant on May 1, 1876, and for labor of plaintiff and son between that day and December 9, 1876. Defendant, in his answer, after denying many of the allegations of the complaint and alleging payments, expressly admitted an indebtedness of $230.89 " over and above all payments, offsets and counter-claims." During the trial defendant asked to amend his answer by alleging therein a counter-claim for $700. This application was denied, on the ground that the facts offered to be proved would not constitute a counter-claim. *Held*, that the amount in conuoversy was less than $500 within the meaning of section 191 of the Code of Civil Procedure, and so the case was not appealable to this court ; that if the counter-claim had been alleged in the answer and put in issue by a reply, the amount in controversy would have been sufficient to allow an appeal, but as the counter-claim was not so alleged, it was not in controversy ; that it mattered not that the referee placed his refusal to allow

the amendment upon an erroneous view of the law; if an error was com-
mitted, such error could be reviewed only like any other error committed
on the trial, and the amount in controversy would have to be determined
by the pleadings as they actually were.

(Argued March 19, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Supreme
Court, in the third judicial department, affirming a judgment
in favor of the plaintiff, entered on the report of a referee.
(Mem. of decision below, 16 Hun, 106.)

The nature of the action and the facts are set forth sufficiently
in the opinion.

*F. L. Westbrook* for appellant.

*J. E. Van Etten* for respondent.

EARL, J.   The plaintiff, in his complaint, seeks to recover
the sum of $639.50, as the balance due him upon the various
matters alleged.   The defendant, in his answer, after denying
many of the allegations contained in the complaint and alleg-
ing payments, expressly admits that he is indebted to the
plaintiff in the sum of $230.89, " over and above all payments,
offsets and counter-claims."   The amount in controversy was,
therefore, considerably less than $500, and the case was not
appealable to this court, unless made so by something now to
be noticed.   During the progress of the trial the defendant
asked the referee to be allowed to amend his answer by
alleging therein a counter-claim for $700, and he declined to
allow the amendment, in substance, on the ground that the
facts offered to be pleaded would not constitute a counter-
claim.

Under section 191 of the Code of Civil Procedure, if the coun-
ter-claim had been alleged in the answer and put in issue by a re-
ply, the amount in controversy would have been more than $500,
and the case would have been appealable.   But here the counter-
claim was not alleged in the answer, and hence it was not in
controversy in the action.   It matters not whether the referee
placed his refusal to allow the amendment upon an erroneous

view of the law or not.   The defendant did not have an abso-
lute right to the amendment.   It could have been refused
without invading any legal right which he had.   It could not
become a counter-claim in the action until it appeared in the
answer.   If the referee committed an error in refusing the
amendment, such error could be reviewed only like any other
error committed upon the trial, and the amount in controversy
would have to be determined by the pleadings as they actually
were.   Any other view of the law would enable a defendant
always to bring a case within the jurisdiction of this court, by
a simple offer to amend his answer by alleging a counter-claim,
and the effect would be the same, no matter upon what ground
the amendment was refused.   Such a construction cannot be
admissible.

We are, therefore, of opinion that this case was not appeal-
able to this court, and the appeal must be dismissed, with costs.

All concur.

Appeal dismissed.