By the Court.
O’Gorman, J.
—The action was brought to recover $1,800, as money received by the defendant for the use of the plaintiff, or the lesser sum of $500 and *482 interest, which plaintiff’s counsel in his brief submitted on this appeal, stipulates to receive in full satisfaction of his claim, if judgment absolute be rendered in his favor for the reduced amount.
The question for this court is whether, on the undisputed evidence, the plaintiff has failed to sustain his contention.
The facts are these: Before June 2, 1883, Joseph L. Mayer had been occupying the premises No. 48 Charlton street, where he had carried on the business of a hotel and liquor saloon. On July 2, 1883, he mortgaged certain of his chattel property, consisting of hotel fixtures and utensils, &c., to Robert Coles for $1,700. By the terms of the mortgage, the principal was not payable until May 1, 1885, and until that time, and a failure to make payment, Mayer was to ‘retain possession of the mortgaged property. Mayer becoming deeply in debt, and on March 2, 1884, he went away from New York, abandoned his business, and did not return for four or five months.. Before he went away, he had a conversation with his wife about this mortgaged property, in which he said to her, “You have got full charge of this. I do not want anything of it, and you must dispose of it to Mr. Coles, if you choose to do so.” Mr. Coles had then made demand on Mayer for payment of interest then due on the mortgage, and Mayer was not able to pay him. After this conversation, the wife of Mayer entered into full possession of the mortgaged property, with full right and power of disposing of the same as she chose, Mayer surrendering to her, all his interest therein. He never afterwards made any claim to ownership of the property, or in any way, attempted to revoke the right to possession thereof, which he in that conversation, transferred to his wife. Soon after that conversation, and on March 4 or 5 (the exact day is not certain), she transferred all the mortgaged property :to Coles, the mortgagee, who thereupon entered into absolute possession of the same, and used it in the hotel and liquor saloon business, which he .thenceforth *483 carried on in the same premises, with the aid of the wife of Mayer, On March 5, one Chase recovered judgment against Mayer, and on the same day issued execution and placed the execution in the hands of the sheriff, who, on the same day, made a formal levy on all the right, title, and interest of Mayer in the property on the premises, including the said chattels covered by the mortgage to Coles, who gave notice to the sheriff of his claim to absolute ownership of the property. On April 17, 1884, the sheriff sold by auction all the right, title, and interest of Mayer in the mortgaged property to the plaintiff for $25.
The first question is, whether, at the time of the levy and sale,- there was any interest in Mayer, the judgment creditor, capable of levy and sale under execution. If not, then the plaintiff’s action must fail.
Until default made by Mayer, on May 1, 1885, the right to possession of the mortgaged property was vested in Mayer, and if this right had existed in him at the time of the levy, it was an interest in the property, which could be sold under execution. If, however, Mayer had surrendered the possession of the property to his mortgagee, even before default in payment of the principal on May 1, 1885, then the legal title would have become absolute in the mortgagee (Hill v. Beebe, 13 N. Y. 556), and there would have remained in Mayer only a mere naked equity of redemption in the mortgaged property, and that equity of redemption was not a proper subject of sale under execution (Hale v. Sweet, 40 N. Y. 97; Porter v. Parmley, 52 Ib. 185).
The questions as to whether Mayer’s wife, in pursuance of the authority vested-in her by him, had, before the levy was made, transferred the possession of the mortgaged property to the mortgagee, and whether he had thereafter retained actual possession thereof were material questions undetermined, and which, I think, should have been submitted to the jury (Hull v. Carnley, 11 N. Y. 501).
As to the validity of the mortgage, and its due and proper filing, there is no dispute.
*484 Whether, in fact, a valid levy had been made on this mortgaged property by the sheriff before it was reduced into possession by Coles, the mortgagee, under the transfer made to him by the wife of Mayer, is a question by no means free from doubt on the evidence. It was held in Roth v. Wells (29 N. Y. 411), that the true test of a valid levy is whether enough had been done to subject the officer to an action of trespass, but for the authority of the execution.
The evidence in the case at bar as to the conduct of the sheriff’s officer on the occasion of his first visit to the premises, in which the mortgaged property was kept; his failure to take then open and manifest possession of the property, and his subsequent conduct in accepting money from Mrs. Mayer, from time to time, in consideration of his staying away, left a material question undetermined, which, I think, should have been also submitted to the jury under the direction of the court.
■ But, even if the facts were so found by the jury, that it should be held as matter of law, that a valid levy had been made, and that the title and right to possession of the mortgaged property became vested in the plaintiff, as purchaser at the sheriff’s sale, another material question of fact would still remain to be disposed of, that is, the amount of money, if any, which the plaintiff would be entitled to recover in this action.
It appears that after the sheriff’s sale, the plaintiff did not attempt to take possession of the mortgaged property, and that shortly before the sale it had been transferred by Coles, the mortgagee, to Elias, the defendant, who sold it to Mrs. Mayer by bill of sale, dated April 11, 1884, in which the consideration received by Elias is stated as $3,594.21. The mortgage to Coles was paid and discharged by Elias.
Plaintiff claims to recover from Elias all the money received by him over and above the amount paid in discharge of the mortgage, as money belonging to the plaintiff and received by Elias for the plaintiff’s use. But there *485 is uncontradicted evidence that the mortgaged property was not worth more than $1,700, the amount of the mortgage, and Elias, in his testimony, explains the transaction which led to the sale by him to Mrs. Mayer, and shows that he did not receive any money from Mrs. Mayer, but that the consideration, as set forth- in the bill of sale, represents only an amount of money, in fact,"paid out by him in discharge of the mortgage, and in settlement of various other claims against Mayer.
The interest, if any, in the mortgaged property, which plaintiff acquired at the sheriff’s sale, and for which he paid $25, had not in fact, even in the aspect of the case most favorable to the plaintiff, that value or any substantial value. If he had then taken actual possession of the property, it was still subject to the mortgage, which would become due on May 1, 1885, and all the value of the property would have been exhausted in the payment.
His claim in this action is therefore for the recovery of money, which was never in fact received by the defendant for the use of the plaintiff or at all. There never was any balance in the hands of Elias, the defendant, arising out of the sale of the mortgaged property, and remaining after payment of the mortgage. The claim of Elias himself for $500 due him by Mayer was not paid out of any such balance.
The plaintiff has suffered no loss by any. act of the defendant, and his claim to recover from the defendant the amount set forth in his complaint, or any amount in this action, is not sustained.
This action is an equitable action, and presents the question, to which party, money, ex aequo et bono, belongs (Kingston Bank v. Eltinge, 66 N. Y. 625). It would be clearly inequitable and unjust to charge the defendant with the receipt of money, for the use of the plaintiff, which he never did in fact receive.
Plaintiff’s exception to the denial of. a verdict by defendant was not well taken, and judgment should be *486 entered in favor of the defendant, on the verdict as directed, with costs.
Sedgwick,- Oh. J., concurred.