### In re COHEN.

(*Common Pleas of New York City and County, Special Term.* February, 1890.)

INSOLVENCY—SCHEDULES—RESIDENCE OF CREDITORS.

 Code Civil Proc. N. Y. § 2162, requires the schedules accompanying the petition of an insolvent for a discharge from his debts to state the place of residence of each creditor; and section 2165 requires only 6 weeks' publication of the order for creditors' to show cause why the petition should not be granted, if they reside within 100 miles of the place where cause is to be shown, and 10 weeks, if one or more of them reside at a greater distance. *Held*, that as the proceedings are special, and as a strict compliance with statutory requisites is necessary, schedules accompanying the petition, which contain the street numbers, but fail to state the city, town, or village of the creditors' place of residence, are fatally defective, and give the court no jurisdiction to proceed.

Motion by the creditors of George Cohen, an insolvent, to dismiss for want of jurisdiction the insolvent's application for a discharge from his debts.

*Alexander Finelite*, for petitioner. *Gruber, Bard & Landon* and *Horwitz & Hirschfield*, for creditors.

BISCHOFF, J. The jurisdiction conferred upon the court to entertain proceedings of this nature, and to grant the discharge of an insolvent debtor from his debts, is special only, and depends upon a strict compliance with all statutory requirements; and, if it appears upon the face of the petition or schedules that compliance with one of these requirements has been omitted, the court is without jurisdiction, and a discharge based upon such petition or schedule is absolutely void, and of no effect. *Morrow* v. *Freeman*, 61 N. Y. 515. Section 2162 of the Code of Civil Procedure requires that the schedules to be filed with the petition shall, among other things, state the place of residence of each creditor. On the return-day of the order to show cause granted herein, Gustave White and Simon Oberfelder, constituting the firm of White & Oberfelder, creditors of the petitioner, through their counsel, claimed that their places of residence were not correctly stated in the schedules, and that, for such error on the part of the petitioner, this court was without jurisdiction. It was conceded, however, that White & Oberfelder were residents of the city of New York, and counsel for petitioner thereupon applied for leave to amend the schedule by inserting a correct statement of the place of residence of said creditors. This application was opposed, and upon the right of the court to allow the amendment depends the further prosecution of these proceedings.

I am of the opinion that, because of the defective schedules herein, the court cannot grant the amendment applied for. A mere designation of the city, town, or village of the creditor's place of residence, without adding the name of the street and house number, has been held sufficient compliance with the statute, (*Wiley* v. *Brigham*, 81 N. Y. 13;) and if, in the present case, the city of the opposing creditor's place of residence has been stated, sufficient would have appeared to clothe the court with jurisdiction and power to allow the amendment by correcting an error in the name of the street or house number. The schedules filed herein on November 22, 1889, however, in no instance specify the city, town, or village of the creditors' place of residence.

The names of streets and house numbers only are given, and there is nothing in the schedules to indicate that streets of the same names in the city of New York were intended. Such may have been the petitioner's intention; but the court is not authorized, from the mere fact that there exists in the city of New York a street of the same name as that mentioned in the schedule, and alleged to be the street of the creditor's place of residence, to assume that such creditor resides in the city of New York. Section 2165 of the Code of Civil Procedure makes it of vital importance that the city, town, or village of each creditor's place of residence be stated. That section provides for publication of the order to show cause for 6 successive weeks only, if all creditors reside within 100 miles from the place where the cause is to be shown, and for publication for 10 successive weeks if one or more of such creditors reside at a greater distance. Unless, therefore, the city, town, or village of each creditor's place of residence is stated, the court cannot correctly determine the period for which the publication shall continue. I am constrained, therefore, to hold that the schedules are fatally defective, and that this court has not acquired jurisdiction to proceed. Proceedings dismissed.