(80 Misc. Rep. 598.)

HERMAN v. LELAND.

(City Court of New York, Trial Term. May 7, 1913.)

1. PRINCIPAL AND AGENT (§ 85*)—COMPENSATION OF AGENT—EXPENSES OR DAMAGES.

An agent may demand reimbursement from his principal for expenses or damages incurred by him in the proper conduct of his agency; but to entitle him to reimbursement the expense must be reasonable and necessary, and made in due course of the agency, and not occasioned by default or negligence of the agent himself.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 224–228; Dec. Dig. § 85.*]

2. CHATTEL MORTGAGES (§ 191*)—NECESSITY OF CHANGE OF POSSESSION.

Under a chattel mortgage of personal property of a contracting company, including a concrete mixer, subject on default of the contractor to the possession of the party having the work done, the mortgagee's constructive possession only, without actual possession, was not such a change of possession as enabled him to transfer title good as against the third party in possession.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 417–425; Dec. Dig. § 191.*]

3. PRINCIPAL AND AGENT (§ 85*)—COMPENSATION OF AGENT—ACT OF AGENT AS PRINCIPAL.

Where plaintiff, at defendant's request, took a chattel mortgage of personal property of a contractor, including a concrete mixer, subject on the contractor's default to possession by the party having the work done, and had only constructive possession thereof, his sale thereof at defendant's request, without having reduced it to actual possession, was negligence, so that the plaintiff acted in the capacity of a principal, and not of an agent, and could not recover from defendant his expenses in defending the purchaser's suit.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 224–228; Dec. Dig. § 85.*]

4. PRINCIPAL AND AGENT (§ 89*)—REIMBURSEMENT OF AGENT—EVIDENCE— BURDEN OF PROOF.

Before plaintiff, who, at defendant's request, negligently sold personal property covered by a chattel mortgage without having reduced it to actual possession, could hold the defendant liable for expenses incurred in defending himself in the suit against him to recover the purchase

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

price, he had the burden of proving that the defendant ratified his act or received the benefit therefrom.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 229–239; Dec. Dig. § 89.*]

5. PRINCIPAL AND AGENT (§ 171*)—RATIFICATION—RETURN OF BENEFITS.

Where defendant received the purchase money realized upon a sale of mortgaged personal property, made by plaintiff at its request, and on discovering that the plaintiff was negligent, and did not act as agent in making such sale, immediately returned the money to the purchaser, he thereby relieved himself from all responsibility for any act of the plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644–655; Dec. Dig. § 171.*]

Action by James S. Herman against Francis L. Leland. Defendant's motion to dismiss was granted, and plaintiff moved for a new trial. Determination granting a dismissal upheld, and motion for new trial denied.

See, also, 151 App. Div. 934, 136 N. Y. Supp. 1137.

Greene, Hurd & Stowell, of New York City (Richard T. Greene, of New York City, of counsel), for plaintiff.

Kellogg & Rose, of New York City (L. Laflin Kellogg, of New York City, of counsel), for defendant.

FINELITE, J. This action came on for trial before the court and a jury at the April term, 1913. At the close of the entire case the defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to prove a cause of action. The motion was granted. Thereupon plaintiff moved for a new trial upon all the grounds specified in section 999 of the Code of Civil Procedure, which motion was entertained by the court.

It appears from the facts herein, as claimed by the plaintiff: That in and about the year 1908 the plaintiff, at the defendant's request and as defendant's agent, loaned to the Buckley Realty Construction Company a certain sum of money, and accepted as security for the payment thereof a chattel mortgage covering property of said construction company. Default was made in the payment of said money when the same became due in compliance with said chattel mortgage, and upon such default the plaintiff, at the request of the defendant, was instructed to sell the personal property specified in said chattel mortgage. That pursuant to such request plaintiff sold to one Arthur Greenfield, Incorporated, a certain concrete mixer which was covered by said chattel mortgage for the sum of $750. That said mixer was then on the government reservation at West Point, N. Y. That said Greenfield Corporation paid said sum partly in cash and partly in notes, which notes were eventually paid, and which money was delivered by the plaintiff to the defendant herein. That thereafter a suit was instituted by said Greenfield Corporation against the plaintiff herein to recover the said sum of $750, with interest, for the alleged nondelivery of said mixer. That this plaintiff thereupon notified the defendant of such suit and requested defendant to defend the

same, but the defendant failed and refused so to do. That thereupon said plaintiff was obliged to and did defend said suit, which resulted in a verdict which on appeal was reversed and a new trial granted. That some time thereafter said claim was compromised and paid by the defendant herein, with interest, when defendant discovered that plaintiff had no authority to sell the said mixer. This plaintiff claims that he was obliged to lay out and expend for the services rendered by the attorneys who defended him in said suit certain moneys, and that he did pay out and expend additional moneys in defending himself in said suit amounting in all to the sum of $1,061.50, for which sum this suit was instituted.

On the trial of this action the defendant claimed that the plaintiff was guilty of negligence in failing to perform his duty as agent in the sale of the said mixer, and that for his neglect in failing to reduce said mixer to possession before he was in a position to sell the same he was personally liable, and has no claim against this defendant therefor; that he failed to prove he had absolute title to said mixer and was in no position to sell the same, and, if he did sell it, it was his own failure of duty as agent which brought on the Greenfield suit against him. It was admitted by the facts that the said mixer was at West Point on the government reservation; that the plaintiff never went to West Point or took physical possession of said mixer; that said mixer was being used on a government contract, which contract provided that upon the default of the contractor in the performance of his work, which work was then being done upon a certain building known as the bachelors' quarters within the time specified in the specifications and annexed to the contract (and which were marked in evidence) that the government had the right to take possession of the tools and materials used under said contract; that said mixer was one of them, and was therefore subject to the right of the government to take possession. Said contract was entered into between the government and said construction company, which contract, upon the advancement of the loan which was made by the plaintiff to said construction company, was assigned to the plaintiff, so that the plaintiff, it may be presumed, had knowledge of the conditions of the contract, one of which provided that, upon default in the work under the contract at West Point, the United States government could take possession of said mixer as one of the tools and machinery used upon said work, as aforesaid. Said mixer was being used in the performance of the work at West Point. The government or its agents had possession of said mixer, the construction company having defaulted in its work, and while it was in such possession the plaintiff sold and received payment for the same from said Greenfield Corporation. That when said Greenfield Corporation found it could not get possession of said mixer, as it was then in the possession of the government, and having paid the plaintiff therefor, said Greenfield, on behalf of the corporation, demanded the return of the money as aforesaid.

The plaintiff contested the action. The defendant denies that he is responsible for plaintiff's acts, or for the services rendered by him personally or his attorneys, and that plaintiff has no recourse for re-

imbursement from the defendant herein. The defendant contends that the plaintiff, claiming to act as defendant's agent in the foreclosure of the defaulted chattel mortgage, without any examination into the matter, and without taking physical possession of the property therein mentioned, and with full knowledge of the facts that possession might be interfered with by the government, sold said mixer to a person who could not obtain possession, and was, as a matter of law, guilty of negligence. The plaintiff admitted upon the trial that at no time did he personally take possession, legally·or physically, of said concrete mixer at West Point.

The questions, therefore, arise: (1) Can the plaintiff maintain an action to recover for services rendered by him and for the expense of his attorneys in defending him in the suit brought by said Greenfield to recover back the amount paid for said mixer,. while said plaintiff was acting as agent for the defendant in taking possession of the chattels mentioned in the chattel mortgage from the construction company to him and wherein he failed to reduce said mixer to his possession before he was in a position to sell the same as agent for the defendant? (2) Was or was not the plaintiff as such agent, in failing to reduce said mixer to his possession before he was in a position to sell the same, guilty of negligence? (3) And for any act of his as such agent was or was not the plaintiff individually liable?

[1] It is a well-settled rule of law, which has become elementary, that an agent may demand reimbursement from his principal for expenses or damages incurred by him in the proper conduct of his agency. Story on Agency, §§ 339,. 340; Howe v. Buff., N. Y. & Erie R. R., 37 N. Y. 297; Brown v. Mechanics' & Traders' Bank, 16 App. Div. 207, 44 N. Y. Supp. 645; Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct. 950, 37 L. Ed. 819. An agent is entitled to be indemnified against all damage and losses which are incurred by him and all costs to which he may be subjected in the course of the agency without fault on his part. Fowler v. N. Y. Gold Exchange Bank, 67 N. Y. 138–145; Zimmerman v. Weber, 135 App. Div. 428, 429, 120 N. Y. Supp. 483. An agent may recover of his principal damages sustained in defending a suit on the principal's behalf, if the agent is acting within the scope of his authority and the loss arose from the fact of agency and without any fraud or laches on the agent's part. Story on Agency (8th Ed.) 433. In order that an agent may look to his principal for reimbursement or indemnity, the expense or outlay must be reasonable and necessary, and made in due course of the agency and not unreasonable in amount or occasioned by the default or negligence of the agent himself. Huffcut on Agency (2d Ed.) 103.

[2] In Tedesco v. Oppenheimer, 15 Misc. Rep. 522, 37 N. Y. Supp. 1073, the court said:

In defining "the possession which must exist in order to exclude a case from the operation of the statute, little room is left here for judicial construction, and the conclusion is immediate that the change of possession intended is physical, and not merely legal or constructive. The mischief which the law was intended to prevent was the deceptive and resultant injury which would inevitably arise from the indicia. of ownership being vested in one who had no title, or only a defeasible one, and who would thus be in a position to

secure credit to which he was not entitled, and to perpetrate frauds upon the public, deluded by the evidence of title which the possession and visible dominion over property bespeaks. It is, therefore, a necessary feature of the possession to which the statute refers that it should be open, visible, and free from concealment. It then becomes notice in its highest form of the claim of the possessor, and the constructive notice which arises from the filing of the mortgage becomes unnecessary. But where the change of possession is not of that character, so that it fails to disclose itself to others than the immediate parties to the transfer, however honest they may have been in their intentions, the situation exists which the statute was designed to prevent. Crandall v. Brown, 18 Hun, 461; Hale v. Sweet, 40 N. Y. 97; Steele v. Benham, 84 N. Y. 634. In the latter case, the authorities are reviewed for the purpose of showing insistence of the courts upon a literal construction of the statute. Among these the case of Topping v. Lynch, 2 Rob. 484, is referred to, where it is said that the words 'actual and continued' are applied to the change of possession. They mean an open, public change of possession, which is to continue and be manifested continually by outward and visible signs, such as render it evident that the possession of the judgment debtor has ceased."

[3] The plaintiff herein failed to reduce said mixer to his actual possession, and by the sale of the same plaintiff did not act as agent of the defendant, but acted as a principal, and for said act, upon failure to deliver the property called for in such sale, the principal, as such, would be liable individually and not as agent for the defendant herein. The plaintiff, being the principal in the sale of said mixer, acted with full knowledge of what he was doing, and upon his failure to comply with the sale made to said Greenfield the defendant was not liable as the principal, nor can the plaintiff be construed as agent for such principal.

In Steele v. Benham, 84 N. Y. 634, a husband executed a mortgage upon certain personal property for use in his business; the mortgage was thereafter assigned to his wife; she claimed she took possession of the property and gave her husband power of attorney to carry on the business for her, agreeing to pay him a certain amount per month; but he continued to carry on the business as before, she taking no personal charge, except the appointment of her husband as agent and going to the shop once or twice when she gave directions. Held, that such change of possession was not sufficient.

Sloan v. National Surety Company, 74 App. Div. 417, 77 N. Y. Supp. 428, was an action wherein it appeared that the mortgagee, upon default in the payment of a mortgage upon certain machinery, went to the mortgagor's place of business, laid his hands upon each article mentioned in the instrument, saying it was his property, and demanded possession, but thereupon left the property which could have been removed by him in the custody of the mortgagor, and allowed it to be used by the mortgagor. Held, that the mortgagee did not take actual possession. Upon a second appeal, it appeared that the room where the machinery was located was leased by the mortgagor, and that at the time of default the term of the lease had expired, and the mortgagee demanded payment of the mortgage, which was refused, and he then went to the room and demanded the machinery as his, secured a lease of the room, and employed and paid the said persons to operate the machinery. Held, that actual possession in the mortgagee was

established. Therefore it can easily be seen that actual possession must be in the person who claims ownership to the property as distinguished from constructive possession.

As to the plaintiff being personally liable for any act or misconduct on his part in failing to reduce said mixer to possession before he sold the same to said Greenfield, and as to the expenses he was obliged to lay out in defending himself in the suit brought against him to recover the purchase money of said mixer because said Greenfield failed to get possession thereof, it is my opinion that the plaintiff in selling said mixer without reducing it to possession, acted in the capacity of a principal, and not an agent of the defendant herein.

[4] Before the plaintiff can hold the defendant liable for expenses incurred in defending himself in the suit brought against him to recover the purchase money for the sale of said mixer in behalf of Greenfield, the burden of proof is upon said plaintiff to show that the defendant as such agent ratified the act of the plaintiff or received the benefit from plaintiff's act.

[5] But the defendant did not in any manner ratify the act of the sale of said mixer to said Greenfield. It is true the purchase money realized was deposited with the defendant, and, as soon as defendant discovered that the plaintiff did not act within the scope of his employment as such agent, the defendant immediately returned the money to the said Greenfield, thereby relieving himself from all responsibility of any act of the plaintiff herein. There is no necessity to cite further authorities to cover these propositions of law. It is clear that plaintiff failed to show a ratification, and failed to show that he had reduced the property to possession before he was in a position to sell the same. The determination of the court granting the dismissal of the complaint must be upheld, on the ground that the plaintiff has failed to prove a cause of action as a matter of law.

Motion for a new trial is therefore denied. Settle order on one day's notice.